This is an action brought by the wife against the husband on petition for divorce on the ground of adultery, and a counter-claim by the husband on account of the adultery of his wife.
It appears that a young girl, co-respondent mentioned by the wife, was taken into the household and lived there for some time. It also appears that she gave birth to a child, which, subsequently, died. The wife alleges that her husband was the father of this child. This the girl denies, and insists that the father of the child was the brother of Mrs. Csipo. This the brother, in turn, denies.
The wife testifies that she discovered her husband in improper relations with the co-respondent, and this is corroborated by a servant in the house, who says that on a certain occasion she saw, in company with Mrs. Csipo, Mr. Csipo enter the house with the co-respondent and go upstairs, and afterwards she, the servant, with Mrs. Csipo, followed them upstairs and found them in bed together.
There is also evidence that the co-respondent resided at the Y.W.C.A. in Newark, and that, during her residence there, Mr. Csipo came frequently and took her out in his automobile, and that they went to theatres and restaurants, and also took rides to Caldwell, stopping at the Monomonock Inn.
Certain affectionate letters were introduced in evidence, which were written by the co-respondent to Mr. Csipo, couched in very endearing terms. The explanation of these letters were so astonishing that I commented upon it from the bench. It is that Mr. Csipo, fearing that he was losing the affection of his wife, dictated these letters to the co-respondent, who took them down stenographically and then wrote them out and sent them to him, and he placed them where his wife would find them, the idea being that he would thus arouse her jealousy and regain her love. I reiterate that this explanation, to my mind, is absolutely ridiculous, and I feel that, having distorted the facts as to this phase of the case, he has probably distorted all the other facts. *Page 99 
I cannot escape the conclusion that Mr. Csipo committed adultery with the co-respondent.
As to the counter-claim, without analyzing the testimony in detail, I am of the opinion that no wrong-doing on the part of Mrs. Csipo has been proved.
During the trial, which lasted several days, I was able to observe carefully the witnesses and their demeanor on the stand, and I am confident that the story of the wife is true and that of the husband is open to great suspicion.
I shall therefore advise a decree granting the petition of the wife and dismissing the counter-claim of the husband.